**2016-1296**

In The

# United States Court of Appeals

### For The Federal Circuit

# CHRISTIAN FAITH FELLOWSHIP CHURCH,

*Appellant*,

**v.**

# ADIDAS AG,

*Appellee*.

## APPEAL FROM THE UNITED STATES
## PATENT AND TRADEMARK OFFICE
## TRADEMARK TRIAL AND APPEAL BOARD

—————————

## BRIEF OF APPELLEE

—————————

**Angelo Notaro**
**John Zaccaria**
**Bradley S. Corsello**
NOTARO, MICHALOS & ZACCARIA P.C.
**100 Dutch Hill Road, Suite 240**
**Orangeburg, New York  10962**
**(845) 359-7700**

*Counsel for Appellee*                    *Dated: February 2, 2016*

# CERTIFICATE OF INTEREST

Counsel for the appellee, adidas AG, certifies the following:

1)      The full name of every party or amicus represented by me is:

adidas AG

2)      The name of the real party in interest represented by me is:

adidas AG

3)      All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None

4)      The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appear in this court are:

Notaro, Michalos & Zaccaria P.C., Angelo Notaro, John Zaccaria and Bradley S. Corsello.

# TABLE OF CONTENTS

**Page**

CERTIFICATE OF INTEREST ......................................................................i

TABLE OF CONTENTS........................................................................ ii

TABLE OF AUTHORITIES ...................................................................iv

STATEMENT OF RELATED CASES ...................................................vi

STATEMENT OF JURISDICTION.........................................................1

STATEMENT OF THE ISSUES..............................................................1

STATEMENT OF THE CASE...................................................................2

STATEMENT OF THE FACTS ...............................................................4

SUMMARY OF THE ARGUMENT .......................................................5

STANDARD OF REVIEW .......................................................................6

ARGUMENT ...............................................................................................7

    I.    THE BOARD APPLIED THE CORRECT LEGAL
STANDARD AND FOUND NO IMPACT ON INTERSTATE
COMMERCE AS A MATTER OF FACT, WHICH IS
SUPPORTED BY SUBSTANTIAL EVIDENCE ..............................7

    II.    THE BOARD'S FINDING IS NOT INCONSISTENT WITH
ANY APPLICABLE CASE LAW.......................................................9

    III.    THE BOARD ERRED IN ADMITTING AND IN ITS
TREATMENT OF THE HOWARD CHECK ...................................12

IV.   IN THE EVENT THAT THE BOARD'S DECISION IS REVERSED OR VACATED THE CASE SHOULD BE REMANDED FOR CONSIDERATION OF THE REMAINING CLAIMS ......................................................................14

CONCLUSION ...................................................................................................14

CERTIFICATE OF FILING AND SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*adidas AG v. Christian Faith Fellowship Church*,
2013 TTAB LEXIS 275 (T.T.A.B May 22, 2013) .......................................... 2

*Aycock Eng'g, Inc. v. Airflite, Inc.*,
560 F.3d 1350 (Fed. Cir. 2009) ...................................................................... 7

*Brunswick Corp. v. British Seagull Ltd.*,
35 F.3d 1527 (Fed. Cir. 1994) ...................................................................... 12

*Couture v. Playdom, Inc.*,
778 F.3d 1379 (Fed. Cir. 2015) ................................................................. 6, 7

*Gonzales v. Raich*,
545 U.S. 1 (2005) ..................................................................................... 11, 12

*In re Applied Materials, Inc.*,
692 F.3d 1289 (Fed. Cir. 2012) .................................................................... 14

*In re Cook, United, Inc.*,
188 U.S.P.Q. 284 (T.T.A.B. 1975) ................................................................. 8

*In re Gastown*,
326 F.2d 780 (C.C.P.A. 1964) ...................................................................... 10

*In re Majestic Distilling Co.*,
315 F.3d 1311 (Fed. Cir. 2003) ...................................................................... 6

*In re Silenus Wines, Inc.*,
557 F.2d 806 (C.C.P.A. 1977) .......................................................... 8, 10, 11

*In re The Bagel Factory, Inc.*,
183 U.S.P.Q. 553 (T.T.A.B. 1974) ................................................................. 8

*Larry Harmon Pictures Corp. v. The Williams Restaurant Corp.*,
  929 F.2d 662 (Fed. Cir. 1991) ........................................................................11

*Wickard v. Filburn*,
  317 U.S. 111 (1942).....................................................................................8

## STATUTES

15 U.S.C. § 1051(a) .................................................................................4, 5, 7, 10

15 U.S.C. § 1071(a)(1).....................................................................................1

15 U.S.C. § 1127.............................................................................................7

28 U.S.C. § 1295(a)(4)(B) .................................................................................1

## RULES

Fed. R. Evid. 802 ..........................................................................................12

Fed. R. Evid. 803(6)........................................................................................13

Fed. R. Evid. 901 .....................................................................................12, 13

## REGULATION

37 C.F.R. § 2.122(a)........................................................................................12

## STATEMENT OF RELATED CASES

Pursuant to Federal Circuit Rule 47.5, appellee provides as follows:

(a)     There have been no previous appeals in this case.

(b)     Appellee is aware of no other case that will be directly affected by the Court's decision in this case.

## STATEMENT OF JURISDICTION

Appellee adidas AG ("adidas" of "Appellee") agrees with the Jurisdictional Statement of appellant Christian Faith Fellowship Church ("CFFC" or "Appellant") except the statement that the final decision and order of the Trademark Trial and Appeal Board (the "Board") disposed of "all claims." The Board did not reach and decide adidas' claims for cancellation on the grounds of abandonment and failure of the marks to function as trademarks (APP 2-3).

adidas agrees that the Board's decision and order is final and the Court has jurisdiction under 15 U.S.C. § 1071(a)(1) and 28 U.S.C. § 1295(a)(4)(B).

## STATEMENT OF THE ISSUES

1.      Whether the Board properly found that the CFFC did not make use of its marks on its identified goods in commerce prior to the filing of its use-based applications.

2.      Whether there is substantial evidence sufficient to prove (1) the drawer of a personal check bearing a preprinted Wisconsin address resided in Wisconsin, (2) use of the marks in commerce on two caps and (3) that the goods were sold or transported in commerce, notwithstanding the physical purchase of the caps in Illinois.

## STATEMENT OF THE CASE

The CFFC has appealed from Board's decision cancelling its two trademark registrations, U.S. Reg. Nos. 3,173,207 for the mark ADD A ZERO and 3,173,208 for the mark ADD A ZERO and Design, both for "clothing, namely, shirts and caps" (APP 24-25) for nonuse of the marks in commerce prior to the filing dates of the CFFC use-based applications, rendering the registrations void ab initio.

On November 23, 2010, adidas filed a consolidated petition to cancel the registrations.    On November 7, 2011, adidas filed an amended consolidated petition to cancel, which became the operative pleading, on the grounds of nonuse, abandonment and failure of the marks to function as trademarks (APP 26-31).

The parties cross-moved for summary judgment.    The registrations originally included "pants" in the identification of goods, but CFFC admitted in its Answer that it never used the marks on pants, and these goods were deleted from the registrations with preclusive effect.  (APP 2.)  With respect to the other issues, the Board denied the motions on the ground that genuine issues of material fact were presented.  *adidas AG v. Christian Faith Fellowship Church*, 2013 TTAB LEXIS 275 (T.T.A.B May 22, 2013) (SAppx018-027).  With respect to non-use, the Board remarked, "we find that respondent's [CFFC's] evidence lacks convincing detail as to the interstate and foreign impact of respondent's admittedly sparse sales in its bookstore of its ADD A ZERO marks on clothing" (SAppx025).

"There are, at a minimum, genuine disputes remaining for trial relating to the impact of respondent's sales of ADD A ZERO clothing in commerce which Congress may regulate . . . ." (SAppx026).

The case proceeded to trial. The Board admitted, over the objection of adidas, a personal check (the "Howard check") (APP 66). The Howard check bears the preprinted name and address of Charlotte Howard on the face of the check offered by CFFC to prove *inter alia*, the residence of Charlotte Howard, an alleged purchaser of two marked caps. The Board found the check to be evidence that Ms. Howard lived in Wisconsin and, further, concluded that she crossed state lines when she purchased the two caps at the CFFC's bookstore prior to the filing date of the applications (APP 13).

Nevertheless, the Board found that this sale, under the circumstances, was insufficient to show use of the marks by CFFC in commerce prior to filing the CFFC's use-based applications. "In this instance, we find that the sale of two ADD A ZERO caps at a minimal cost within the state of Illinois to Ms. Howard, who resides outside the state, does not affect commerce that Congress can regulate such that the transaction would constitute use in commerce for purposes of registration" (APP 16). "This sale is *de minimis* and, under the circumstances shown here, is insufficient to show use that affects interstate commerce" (APP 17).

Accordingly, the Board granted the petition to cancel both registrations on the ground of nonuse (APP 17). The Board did not reach adidas' claims of abandonment and failure to function as trademarks (APP 2-3).

## STATEMENT OF THE FACTS

CFFC operates in one location in Zion, Illinois (SAppx004 ll. 11-14; SAppx005 ll. 2-4). Its premises contain a basement bookstore (SAppx002 ln. 23 – SAppx003 ln. 3; Appellant Br. at 6). The bookstore is open approximately two hours a week (SAppx009 ln. 3 – SAppx010 ln. 3).

In connection with a fundraising campaign, CFFC decided to sell products bearing the ADD A ZERO marks (SAppx011 ll. 12-20; SAppx012 ll. 7-15). Prior to the commencement of the cancellation proceeding, ADD A ZERO shirts and caps were sold only in CFFC's basement bookstore (SAppx007 ln. 20-22).

CFFC filed use-based applications to register the marks on March 23, 2005 and March 24, 2005 pursuant to Lanham Act § 1(a) (15 U.S.C. § 1051(a)), (SAppx014-017), which led to the issuance of the registrations at issue (APP 24-25).

The only pre-filing sale of marked goods relied upon by CFFC in this appeal is one sale of two caps to Ms. Charlotte Howard (Appellee Br. at 7 n.2). There is no evidence of any use of the marks on shirts in commerce prior to filing of the applications.

There is no evidence of how many CFFC parishioners resided outside of Illinois when the applications were filed in 2005. CFFC asserts that church membership includes more than 200 residents of Wisconsin, (Appellant Br. at 5), but that assertion is based on an analysis of the CFFC membership database as of 2013, (APP 48 ll. 6-17).

## SUMMARY OF THE ARGUMENT

I.    The Board applied the correct legal standard, i.e., intrastate sales of goods are insufficient to support a Section 1(a) application where the sales do not affect interstate commerce. The Board made a finding of fact that CFFC's one pre-filing sale of two caps, in the circumstances presented, did not affect interstate commerce. CFFC applies an incorrect standard of review and fails to argue that the finding of no effect is not supported by substantial evidence.

II.    There is substantial evidence supporting the finding of no effect on interstate commerce. The Board considered the number of sales (one), the quantity of goods (two caps), the cost (minimal), and other circumstances of the sale (locality), including the fact that the record shows the sale was for a fundraiser and took place in a basement bookstore open approximately two hours a week. A reasonable person can find those facts to support the Board's conclusion that the single sale had no effect on interstate commerce.

III.    The Board erred in admitting the Howard check and in its conclusion that Howard lived in Wisconsin and travelled from Wisconsin to the bookstore where she purchased the two hats.  The check was not authenticated and the address printed thereon is hearsay, not within the business record exception, as the printed address is not a record created by CFFC.  The record is devoid of evidence that Howard actually lived in Wisconsin at the time of the transaction.  Even assuming that the preprinted name and address information on the face of the check establishes that the drawer resided out of state at the time of the transaction, this information does not establish the disposition of the goods, that the sale was made in interstate commerce, i.e., the goods were either sold or transported in commerce.

## STANDARD OF REVIEW

The Court reviews the Board's legal conclusions *de novo* and factual findings for substantial evidence. *Couture v. Playdom, Inc*., 778 F.3d 1379, 1380 (Fed. Cir. 2015).

When reviewing for substantial evidence, the Court takes the entire record into account to determine whether a reasonable person might find that the record supports the Board's conclusion. *In re Majestic Distilling Co*., 315 F.3d 1311, 1314 (Fed. Cir. 2003).

Nonuse of a mark is a question of fact and the Court should sustain the Board's finding of nonuse if it is supported by substantial evidence. *Aycock Eng'g, Inc. v. Airflite, Inc*., 560 F.3d 1350, 1355 & 1360 (Fed. Cir. 2009) (reviewing Board finding of nonuse in commerce for substantial evidence).

## ARGUMENT

## I.    THE BOARD APPLIED THE CORRECT LEGAL STANDARD AND FOUND NO IMPACT ON INTERSTATE COMMERCE AS A MATTER OF FACT, WHICH IS SUPPORTED BY SUBSTANTIAL EVIDENCE

The Board did not create or apply a "*de minimis* exception" to the Commerce Clause as argued by the CFFC. Rather, the Board applied the correct legal standard, that intrastate sales of goods may be use in commerce sufficient to support a Section 1(a) application if the sales affect interstate commerce. The Board's decision relies on, discusses and applies the correct statutes and case law.

Under Section 1(a) of the Trademark Act, a mark may not be registered unless it is "used in commerce" 15 U.S.C. § 1051(a). Section 45 of the Trademark Act defines "use in commerce" as "bona fide use of a mark in the ordinary course of trade" and, among other things, further requires that "the goods are sold or transported in commerce" 15 U.S.C. § 1127. These statutory provisions are cited by the Board (APP 11). Without the required pre-filing use in commerce, a registration based on Section 1(a) is void *ab initio*. *Couture*, 778 F.3d at 1381, *Ayock*, *supra*.

-7-

The Board observed that use in commerce includes intrastate transactions that affect interstate or foreign commerce (APP 12), citing *In re Silenus Wines, Inc.*, 557 F.2d 806 (C.C.P.A. 1977).    However, "[t]he issue is whether the transactions exert 'a <u>substantial</u> economic effect on interstate commerce,'" (APP 12), quoting *Wickard v. Filburn*, 317 U.S. 111, 125 (1942) (emphasis added by adidas).  "Although there are situations in which intrastate sales may be found to have such an effect on commerce that may be controlled by Congress that the activities constitute use in commerce, there must be a showing that the activities have such an effect" (APP 16).

CFFC incorrectly reproaches the Board for relying on *In re Cook, United, Inc.*, 188 U.S.P.Q. 284 (T.T.A.B. 1975) and *In re The Bagel Factory, Inc.*, 183 U.S.P.Q. 553 (T.T.A.B. 1974) for the proposition that an "applicant who sells a product exclusively within a single state cannot satisfy the 'use in commerce' requirement by relying on the fact that purchasers of the product may come from another state and/or transport the product across state lines."  The Board cites those cases under a *compare* signal against *In re Silenus Wines*, where intrastate sales were actually found to affect foreign commerce by a party who caused the goods to move in regulable commerce (APP 16).  The Board's point is that intrastate sales may suffice, if an applicant's activities are proven to have an effect on regulable commerce. Otherwise, they do not suffice.

Having set forth the correct legal standards, the Board reviewed the record evidence and found that the necessary impact on interstate commerce was not present. The Board found that simply offering marked goods for sale at the CFFC's Illinois bookstore, where an out-of-state resident could buy them, did not constitute use in commerce (APP 16-17). Considering the record evidence of actual sales prior to the application filing date, the Board found (and CFFC now concedes (Appellee Br. at 7 n.2)) that only the one sale of two caps to Ms. Howard constituted a pre-filing sale to an out-of-state resident.

Moreover, as set forth below, the Board's finding that Ms. Howard resided out-of-state was based on a pre-printed check that should not have been admitted into evidence and, also, is not substantial evidence that the goods were sold or transported in commerce (see pp. 10-11 *infra*.)

The Board found that the one local Illinois sale of two caps for minimal cost, under the circumstances presented, did not have an effect on interstate commerce.

The CFFC does not argue in its brief that this finding is not supported by substantial evidence. Therefore, the Court should affirm the Board.

## II.    THE BOARD'S FINDING IS NOT INCONSISTENT WITH ANY APPLICABLE CASE LAW

The Board's finding that the sale of two caps did not have an effect on interstate commerce is not contrary to any case cited by CFFC. None of the cases cited by CFFC absolutely hold that any intrastate sale to an out-of-state resident,

however non-existent its actual effect on commerce, is always use in commerce within the meaning of Lanham Act 1(a) and is always sufficient to support registration.  All of the trademark cases cited by CFFC in which use in commerce was found involve substantial interstate or foreign trade, and are thus distinguishable on the facts.

The CFFC's reliance on *In re Gastown*, 326 F.2d 780 (C.C.P.A. 1964) and *In re Silenus Wines*, 557 F.2d 806 (C.C.P.A. 1977) is misplaced.

In *Gastown*, the applicant operated a chain of service stations throughout Ohio that provided "automotive service and maintenance for customers who are travelling interstate on federal highways in the course of engaging in interstate commerce," which was held to be sufficient use in commerce for registration of a service mark.  326 F.2d at 782.  In *Gastown*, the services facilitated interstate commerce.  As explained in *Silenus*, the holding of *Gastown* is that "services *directly affect* interstate commerce when the services are sold intrastate to persons moving in interstate commerce, and the services are of the type necessary for the accomplishment of the interstate commerce."  557 F.2d at 808 (emphasis added). In *Silenus*, the applicant imported wine from France marked with its trademark and sold the marked wine exclusively in Massachusetts.  557 F.2d at 807.  "[W]ere it not for the intrastate sales anticipated by the appellant-importer, the foreign commerce that occurred in [*Silenus*] would probably not have occurred."  *Id.* at

809.  This was held to be sufficient "use in commerce" because "intrastate sale of goods, by the party who *caused* those goods to move in regulatable commerce [i.e., interstate of foreign commerce], *directly affects* that commerce and is itself regulatable." *Id.* (emphasis added).  Thus, in *Silenus*, it was the applicant who caused goods bearing the mark to move in foreign commerce: "We note that the 'use in commerce' must be accomplished *by the applicant*." *Id.* at 807 (emphasis added).

Here, the CFFC's wholly in-state activities did not cause goods bearing the ADD A ZERO Marks to move in interstate commerce.  And, the CFFC itself did not "directly affect" interstate commerce.  Further, in any event, the trademarked goods were not transported over state lines at the CFFC's instructions in furtherance of its sales.

In *Larry Harmon Pictures Corp. v. The Williams Restaurant Corp.*, 929 F.2d 662 (Fed. Cir. 1991), the service mark BOZO'S for restaurant services was used at a single restaurant location, however, fifteen percent of its customers who received services at the restaurant were from out-of-state. 929 F.2d at 669 (Newman, J. dissenting).

*Gonzales v. Raich*, 545 U.S. 1 (2005) is not a trademark case, but concerns the power of Congress to prevent individuals from possessing, obtaining, or manufacturing cannabis for personal medical use under the Controlled Substances

Act. *Id*. at 7. The Court observed that "When Congress decides that the 'total incidence' of a practice poses a threat to a national market, it may regulate the entire class," including "individual instances" of "a *de minimis* character" such as personal cannabis use. *Id*. at 17. This reasoning is not applicable to the Lanham Act, which does not concern regulation by Congress of a practice which by its total incidence poses a threat to a national market as does the trafficking of controlled substances. Therefore, *Gonzales* does not compel the conclusion sought by CFFC.

The Board correctly decided that the CFFC's registrations are void *ab initio* because its marks were not in use in interstate commerce prior to the filing dates of its use-based applications.

## III.   THE BOARD ERRED IN ADMITTING AND IN ITS TREATMENT OF THE HOWARD CHECK

The Board erred in admitting the Howard check as evidence that Ms. Howard resided outside of Illinois and crossed state lines to reach the CFFC's bookstore.

The Federal Rules of Evidence govern *inter partes* proceedings before the Board. 37 C.F.R. § 2.122(a); *Brunswick Corp. v. British Seagull Ltd*., 35 F.3d 1527, 1534 (Fed. Cir. 1994). The rules exclude hearsay subject to certain exceptions, Fed. R. Evid. 802, and require that exhibits be properly authenticated, Fed. R. Evid. 901.

The record before the Board was devoid of any testimony of a witness who personally observed the writing of the Howard check or the purchase or sale of ADD A ZERO goods by the check. The Howard check lacked authentication and should have been excluded pursuant to Fed. R. Evid. 901.

The Howard check was offered to prove the truth of the purported address printed on the check. However, the check was not business record of the CFFC, but purportedly Ms. Howard's personal check. The address printed thereon was not a record created by CFFC in the ordinary course of business as required by Fed. R. Evid. 803(6). The rule requires an admissible business record to be "kept in the course of a regularly conducted activity" and that "making the record was a regular practice of that activity." It is not the CFFC's regular practice to make the record (i.e., to print addresses on personal checks).

Even if admissible, the check does not establish that the drawer resided out of state in Wisconsin at the time of the transaction. In addition, the preprinted name and address information is insufficient to establish the disposition of the goods, i.e., it does not establish that the goods were sold or transported in commerce. The conclusion is merely unsupported speculation. The drawer could have purchased the goods while present in the bookstore, paid for them with the check and then given the goods to another person in the CFFC's state of residence. It requires speculation to conclude that the check is probative to demonstrate any

effect on interstate commerce.  The check is not competent to prove that the goods were sold or transported in commerce from Illinois to Wisconsin.  The document cannot prove that it was used for a transaction in interstate commerce.

## IV.  IN THE EVENT THAT THE BOARD'S DECISION IS REVERSED OR VACATED THE CASE SHOULD BE REMANDED FOR CONSIDERATION OF THE REMAINING CLAIMS

In the event that the decision of the Board is reversed or vacated, the case should be remanded to the Board for consideration of the alternative grounds of abandonment or failure to function as a trademark.  *In re Applied Materials, Inc*., 692 F.3d 1289, 1294 (Fed. Cir. 2012) ("The Board's judgment must be reviewed on the grounds upon which the Board actually relied. . . Alternative grounds supporting the Board's decision generally are not considered").

## CONCLUSION

The judgment of the Board should be affirmed.

February 2, 2016                              /S/ John Zaccaria                        
                                             Angelo Notaro
                                             John Zaccaria
                                             Bradley S. Corsello
                                             NOTARO, MICHALOS & ZACCARIA P.C.
                                             100 Dutch Hill Road, Suite 240
                                             Orangeburg, New York 10962
                                             (845) 359-7700
                                             *Attorneys for Appellee adidas AG*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 2nd  day of February, 2016, I caused this Brief of Appellee to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Richard W. Young
> QUARLES & BRADY, LLP
> 300 North LaSalle Street, Suite 4000
> Chicago, Illinois  60654
> (312) 715-5260
>
> *Counsel for Appellant*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellee will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ John Zaccaria
*Counsel for Appellee*

## CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*3,118*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: February 2, 2016                    /s/ John Zaccaria
                                           *Counsel for Appellee*